IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Malissa Marie Sydnor, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:03-CV-483 AGF |
| Warrenton Manor, L.L.C., | ) |
| Defendants. | ) |

### DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

COMES NOW Defendant Warrenton Manor, L.L.C., by its attorneys, and in support of its Motion to Compel and for Sanctions, states as follows:

1. Plaintiff filed this action on April 30, 2003.

2. On August 6, 2003, this court entered a Case Management Order directing the parties to file initial Rule 26(a)(1) disclosures by August 20, 2003.

3. Defendant served its Rule 26(a)(1) initial disclosures by certified mail, return receipt requested on August 21, 2003.

4. On October 1, 2003, counsel for Defendant spoke with Plaintiff by telephone and discussed Plaintiff's overdue Rule 26(a)(1) disclosures. Plaintiff advised that she received Defendant's Rule 26(a)(1) initial disclosures, that she was familiar with the information she was required to disclose, and that she would send her disclosures as soon as possible. Plaintiff stated that she was not employed and that there was not any reason she could not provide the disclosures.

5. On October 10, 2003, Defendant sent Plaintiff a letter advising that Defendant had not received Plaintiff's Rule 26(a)(1) disclosures and further requesting the information. (See <u>Exhibit A</u>, attached and incorporated herein.)

6. On October 24, 2003, Defendant served its First Interrogatories, First Request for Production, and First Request for Admissions on Plaintiff by certified mail, return receipt requested. Plaintiff's discovery responses were due November 26, 2003.

7. On November 24, 2003, Plaintiff called counsel for Defendant at approximately 2:55 p.m. and left a message requesting an extension of time to answer discovery because Plaintiff was looking for a lawyer. Plaintiff stated that she would be home until 4:45 p.m. Defense counsel attempted to contact Plaintiff at 3:00, 3:05, and 3:35 p.m. For the first two calls there was no answer. The third call was busy. Defense counsel called Plaintiff at 4:00 p.m. and there was no answer.

8. By letter dated November 25, Defendant granted Plaintiff a 14-day extension until December 11, 2003, for Plaintiff to file her responses. (See <u>Exhibit B</u>, attached and incorporated herein.)

9. On December 11, 2003, Plaintiff served her Answers to Defendant's First Request for Admissions by mail, and four unexplained documents. (See <u>Exhibit C</u>, attached and incorporated herein.) Plaintiff failed to provide any other discovery responses and failed to provide any explanation why she had not answered Defendant's remaining discovery.

10. On December 11, 2003, Plaintiff further served a combined Request for Admissions and First Interrogatories on Defendant, which was received by Defendant on December 15, 2003. Defendant served Answers to Plaintiff's Interrogatories and Requests for Admission by agreement on February 3, 2004.

11. On January 19, 2004, counsel for Defendant spoke with Plaintiff by telephone at approximately 4:00 p.m. and advised that Defendant had not received Plaintiff's discovery answers. There were a number of voices and noise in the background on Plaintiff's end. Plaintiff stated that she had intended to work on her answers as soon as she and her guests "finished supper."

12. On February 3, 2004, counsel for Defendant again spoke with Plaintiff by telephone and again advised Plaintiff that Defendant had not received Plaintiff's Rule 26(a)(1) disclosures and her Answers to Interrogatories and Requests for Production. Plaintiff stated that she had not completed her answers because she couldn't find her copy of the discovery requests. Plaintiff stated that her son may have thrown them away while he was cleaning out the car and that he was looking through the trash for them.

13. Counsel for Defendant advised Plaintiff that she would send new copies of the discovery requests and Plaintiff advised that she would send answers as soon as possible upon receipt. Defense counsel emphasized that the discovery answers were necessary for Defendant to properly prepare for mediation of the case to be completed prior to March 15, 2004.

14. On February 3, 2004, Defendant sent duplicate copies of Defendant's Rule 26(a)(1) disclosures and First Interrogatories and First Request for Production of Documents to Plaintiff by certified mail, return receipt requested with an enclosed self-addressed, stamped envelope for Plaintiff to return her answers. On February 5, 2004, Plaintiff signed the certified mail receipt for the package containing the duplicate copies of Defendant's Rule 26(a)(1) disclosures and First Interrogatories and First Request for Production of Documents. (See <u>Exhibit D</u>, attached and incorporated herein.)

15. On February 10, 2004, Plaintiff returned *Defendant's* Answers to Plaintiff's Interrogatories in the envelope previously provided without any cover letter or note.

16. As of February 26, 2004, Defendant had not received Plaintiff's discovery responses. Counsel for Defendant again called Plaintiff at 12:35 p.m. on February 26th. Plaintiff's young son answered the telephone and got Plaintiff. Plaintiff indicated she had been sleeping. Plaintiff stated that she had not provided her discovery responses because some of the questions "were hard to understand," but she could not identify any particular questions. Plaintiff acknowledged that defense counsel had been more than fair in assisting her with procedural matters and in facilitating her response to discovery requests.

17. Counsel for Defendant advised Plaintiff that she would have no choice but to file a Motion to Compel and for Sanctions based on Plaintiff's continued and unexplained failure to respond to discovery.

18. As of the date of filing this motion, Plaintiff has not served her initial Rule 26(a)(1) disclosures, Answers to First Interrogatories, or Responses to Request for Production on Defendant. Plaintiff's failure to provide the required discovery is continuing and willful.

19. Mediation is scheduled for March 12, 2004.

20. The Defendant has in good faith conferred or attempted to confer with the Plaintiff in an effort to secure the requested disclosures without court action.

WHEREFORE, Defendant Warrenton Manor, L.L.C., respectfully requests, pursuant to F.R.Civ.P 37(a)(2) and (4), that this Court order Plaintiff to provide her Rule 26(a)(1) disclosures, and her Answers to Defendant's First Interrogatories and First Request for Production prior to March 10, 2004; and that this Court further order Plaintiff to pay the Defendant's reasonable expenses, including attorney's fees, incurred in making this Motion.

Respectfully submitted,

BOBROFF, HESSE, LINDMARK & MARTONE, P.C.

By: \_\_\_\_\_/s/ L. Allison McKeel\_\_\_\_\_
Andrew J. Martone                #3760
L. Allison McKeel, Of Counsel    #119676
Attorneys for Defendant
7730 Forsyth Blvd., Suite 200
St. Louis, MO  63105
(314) 862-0300
(314) 862-7010 – fax
E-Mail: allisonmckeel@bobroffhesse.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on <u>March 1, 2004</u> the foregoing was mailed by United States Postal Service, Certified Mail, Return Receipt Requested, to the following non-participants in Electronic Case Filing:

Malissa M. Sydnor
119 Highway J
Wright City, Missouri  63390

/s/ L. Allison McKeel